May it please the Court, my name is Matthew Johnshoy and I represent the Appellant, the United States. I'd like to reserve two minutes of my time for rebuttal. The Bankruptcy Code is a bit like a puzzle. It has many pieces and they must all be fit together properly in order for it to function. That's an understatement. Yes, but unfortunately the Bankruptcy Court here adopted an incorrect solution that does not fit all of the pieces. So the government asked this Court to reverse the Bankruptcy Court and find that a Chapter 7 trustee in this case may not use Section 724A to avoid the government's tax lien for penalties or preserve a penalty lien for the benefit of the estate using Section 551. And that's a bright line rule that you seek, that if it's exempt property, the 724A powers and the 551A doesn't apply if it's exempt property. That's what you're advocating. That's right, Your Honor, but I would make it slightly more generic and say it doesn't apply to non-estate property and exempt property is a subcategory of that. Right, non-estate property. Yep. Let me ask and I understand the reasons and you've articulated some I think very thoughtful and persuasive reasons when you look at statutory construction, logic, the double penalty problem. The question I have is do we ride on a clean slate in view of particularly Hutchinson? Has the Ninth Circuit, to put it this way, ever addressed squarely the question where you don't have a stipulation where the trustee can exercise sort of unilateral power to avoid a lien such as this that's on exempt property under 724 and exercise the power to benefit the estate under 551? Has that ever been squarely looked at by the Ninth Circuit? No, I don't think so, and as Your Honor I think mentioned, Hutchinson was stipulated, so I don't think Hutchinson created a precedent, but I think Damara speaks to that somewhat. Damara's starting premise is that a trustee cannot reach exempt property and to allow a trustee to do so would violate that premise. Damara also has a couple of statements that I think are worth considering. Damara was a case about exempt property and in Damara this Court twice said that a trustee could only, that this Court would only assume that a trustee could avoid a lien if it was on non-exempt property. And those two statements really stand out because it was only a case about exempt property, so this Court went out of its way to qualify that assumption. And it's not a typo. It said it twice. It really meant it. But you cite the footnote, but it doesn't say only, it just says we assume without deciding that a trustee could avoid tax penalties on non-exempt property. You've cited that footnote too a couple of times, but I don't see the word only in there. Well, I guess we read that statement to mean only in that it doesn't say there would be no need to qualify the statement if it would cover both exempt and non-exempt property. So by qualifying the statement I think they're limiting, they're recognizing that the trustee's power is limited. And notably, the trustee in Damara was not recovering, was not able to recover, and had the trustee been allowed to do so, he would have been reaching exempt property, which is precisely what the trustee in this case wants to do. What's your textual hook on your rule that avoidance power doesn't apply to non-exempt property? Yeah, so there's... To exempt property, I guess. Yeah, there's two sort of textual hooks, Your Honor. So first, 724A is inherently restricted to... That's the provision that talks about the lien avoidance. That's inherently restricted to avoiding liens that secure a claim of the kind described in 726, which describes allowed claims. So you need a lien securing an allowed claim, which means you need an allowed secured claim. So in order to meet 724A, you would need to know if we have an allowed secured claim. There's no dispute the government has an allowed claim. Is it secured? To decide that, we have to turn to some other provisions. So we have to turn to 506A. 506A is the provision that defines and explains when a creditor is considered secured as the estate. So under 506A, an allowed claim of a creditor is only secured to the extent of the creditor's interest in the estate's interest in the property. Wait, I thought 726A-4 says payment of any allowed claim, whether secured or unsecured. It does, Your Honor. But so 726 is describing allowed claims, but 724 describes only liens securing a claim of a kind. A lien that secures a claim of the kind. Yes. So a lien that secures an allowed claim. So I don't think the unsecured claim language from 726 sort of has any function there. Okay. Yeah. You're saying it has to be both secured and allowed. That's right. And then when you look, trace it back to 506, it's clear that it's referencing estate property, not exempt from the estate property. That's right, Your Honor. And then we would say that the property of the estate in an individual bankruptcy case, you can't just look to 541, the section that initially determines what's property of the estate. In an individual case, you must also look to 522, the exemption section. And I think this Court's Cahan opinion recognizes that. And you would emphasize that 522 says notwithstanding 541, so makes it clear it's notwithstanding, it's sort of outside of 541 or it sort of overrides 541 to a certain extent. That's right. It takes property that was initially in the estate out of the estate. And I think in order of operations terms, the Court needs to first give effect to exemptions before you can turn to other bankruptcy processes, such as avoidance, such as determining secured status, such as distributions. But isn't there precedent in our circuit that says that for purposes of avoidance, we look at what's the estate property of the commencement of the proceedings? I'm not aware of that authority, Your Honor. Maybe it was at Hines, which might be a BAP opinion. Yes, Your Honor. The BAP case in Hines does say that. But we think that's wrong. And so let me tell you why. So first, if we're going to talk about 551, I'd like to just briefly, and I'll get to Hines in just one second, I'd just like to tee up the fact that the property of the estate clause that was added to 551 was new for the Bankruptcy Code. And looking at the legislative history, it's common ground that Congress was intending to ensure that a trustee with an avoided lien could not reach a debtor's after-acquired property. But to the government's point, Congress did not choose language that was limited to after-acquired property. It chose language that was much broader. It used the property of the estate instead of a phrase like after-acquired property. It very easily could have limited the phrase, and it chose not to. So we think that Hines is misguided because it allows 551, it basically measures 551 only on the day the petition is filed, as opposed to giving effect to exemptions. Basically, if you interpret 551 the way the Hines Court did, you will always be allowing a trustee to take exempt property. And the other real, the other thing I'd really like to point out to this Court, and I think the big problem with Hines is that Hines... Sorry, just, I just realized, my question was Hutchinson cited Hines for that proposition. So why is that not binding authority on us? Well, Hutchinson cites Hines, but I don't think Hutchinson decides this issue. No one was arguing, no one was arguing the meaning of 551 or Hines to the Court. In fact, the debtor was assuming that 551 applied the way, I guess, the Court's opinion reads, which is also how the BAPS opinion below in Hutchinson had read, and that Hines controlled. And then the debtor was making arguments contrary about 551 and Hines. What the debtor wasn't doing was arguing that 551 didn't control, or that Hines was incorrectly decided. So I think those issues weren't presented to this Court. It seemed like everybody in Hutchinson assumed to the contrary, including the government, because it stipulated to avoidance of the lien, even though it covered exempt property, right? The government did, yes. And the debtor kind of went along and tried to get the property through 522H, kind of through the back door. Yes. When it could have just argued, hey, this stipulation is no good because you can't avoid a lien on, it would have been an easier route, in a sense, for the debtor. But the debtor didn't make that argument. That's correct, Your Honor. And the government stipulated improperly, based on an incorrect view of valuation. It thought that the property was going to be worth more, that there would be value in excess of the exemption, and then that's what the trustee would take. That didn't pan out, and then there became this dispute about, well, what's what after that? So if we took your position, wouldn't we basically upend Hutchinson then? What would be left of Hutchinson? Well, most of Hutchinson is about 522G and the debtor's arguments after that, and so I don't think Hutchinson decides either the 724A or the 551 question. But even if this court were to find that 551 was a closer issue, I don't think this court could find that Hutchinson decided 724A. But there is something I'd like to make sure that this panel hears about Hines. That is that Hines didn't apply, and admittedly didn't apply, the textual interpretation of 551. In the Hines opinion, the court said literally, quote, the literal words of the statute mean that a trustee cannot preserve an avoided transfer for the benefit of the estate if the lien or other avoided transfer relates to property that is not property of the estate. It said that the text literally says what the government is arguing, and then it stretched to reach an outcome it liked instead of that. But we would say that the text isn't ambiguous, it's not absurd, and it should be applied. And we think this court adopted that same interpretation, albeit in a very short unpublished opinion, in the Kim case. That might be right, but I guess with Hutchinson it's hard to make that argument. But I understand, Your Honor. We do think, though, that if you look at Hutchinson, particularly under this court's reason dicta analysis, that the 551 issue was merely a prelude. It wasn't what this court's attention was directed at, and so we don't think it was Would Hutchinson as precedent have any value if we were to accept the government's argument, which just kind of blows half of it out of the water to a certain extent from the outset? Is there anything in Hutchinson that would be of use, still operative? Is there some circumstance where its interpretation of 522H or something else would have some benefit? Absolutely, Your Honor. So its statements as to 522C2B, 522G, 522H would all have benefit. And actually, I think that you could see these same scenarios arising for non-exempt property, where there would be lien avoidance, where there would be preservation, where a debtor would come in to make a 522H or a 522I argument. So that doesn't just happen in an exempt property context. It's here, though, where they want to reach exempt property. We think that's inappropriate. In part, we think that's inappropriate because it sort of doesn't fit 522C2B. So even assuming that we take your 551 argument that it only pertains to property of the estate, in this case, the lien was on the whole house, and the only exempt part is the 150 minus the consensual lien. So to me, it seems like the lien is part of the house or part of the property is still in the estate. It's only the exempt part that's out. So it's still part of the property, property of the estate. That's right, Your Honor. But the part that remained in the estate was entirely covered by the mortgage. Properly determined, the amount of the debtor's exemption took all of the value in the estate beyond the mortgage out of the estate. Do we make that calculation now? How do we? It shouldn't depend on what the value is. It should depend on what the definition of Well, but the exemption has a valuation component. And Arizona has a particular quirk about the consensual lien. So all we're saying is everything beyond the mortgage left the estate subject to the tax lien. So it's clear that under the Arizona exemption law that the amount remaining after the consensual mortgage was around $100,000, $97,000, and measured against the homestead amount, there was nothing left for the estate in this case. That's right, Your Honor. Sure. There could be a scenario if the house were worth $250,000, or there would have been something left for the estate above the exemption amount. Yes. And that, you would agree, can the trustee does have full power under 522 and 724 to avoid and claim for the benefit of the estate? Absolutely, Your Honor. As to the amount beyond, say, the first $150,000 that we're talking about, up to your $250,000, so that extra $100,000, that would be property of the estate for which a lien can be avoided. Is that how we talk about liens? I mean, do we talk about liens going to the first $100,000 instead of just thinking that the lien applies to the whole property, and then when it all closes up, then it's all figured out at the end? When you say a house, do you say you have a lien on the first $100,000, or do you just say you have a lien on the house? Well, no, no. The government has a lien on all of the debtor's rights and property. So the entire house, every inch of value, every dollar. Right, and so even if it has no value, it's still property of the estate, so the lien is part of the estate. But the lien is only still on estate property to the extent that it's on the non-exempt portion, and the value of that non-exempt portion is consumed by the mortgage. You can avoid the lien on the non-exempt portion. It's valueless. I'm saying the lien, it still attaches. It might be worth zero, but it still attaches to the property of the estate, even if it's worthless. Yes, and we argue in our briefing that that's exactly right, that there was a lien on the property of the estate. It's just that it was worthless. And then why can't the trustee avoid that, even if it's worthless? Well, the trustee, I think, shouldn't be able to do that because it wouldn't be of value to the estate. But even if he could, it results in zero. To the extent the trustee is getting any proceeds here, though, the trustee is getting them because the lien was attached to the exempt portion of the debtor's property. The trustee's taking from the 150, Your Honor, not from the mortgage portion. Only the mortgage portion remained in the estate. I know we're going to take it. Can I just ask one other question? A lot of your opening brief was talking about the difference between the exemption and the lien coexisting versus the three tiers that the bankruptcy court decided. What's the legal significance of that? Oh, so the bankruptcy court misconceived the liens and sort of nullified 522c2b. So under 522c2b, the lien remains on exempt property post-bankruptcy. But in order to sort of get around this problem, the bankruptcy court held that the debtor's exemption amount was reduced, that the lien and the exemption didn't coexist, they didn't overlap, the lien displaced the exemption. We think that's wrong. The lien and the exemption did overlap, thus everything beyond the mortgage left the estate, but also left it subject to the tax lien under 522c2b. So it goes to the double payment quandary is what you're saying. It does. That construction leads to the potential double exposure. Yeah, it does. And the bankruptcy court solved the double payment problem improperly by nullifying 522c2b. If you first say, well, 522c2b means any exempt property the debtor receives will be subject to the tax lien, then the debtor's exemption amount under the bankruptcy court's analysis has first been reduced, and then it's still going to be taken by the government. And so there will sort of be a double reduction of the debtor's exemption as opposed to a single reduction. But if the trustee has a power to avoid, that does make sense, because what's the point of the property estate? Yes, if you assume the trustee could do it. But our point is that the debtor's exemption shouldn't be reduced to benefit the estate. The debtor's exemption should only be reduced once by the amount of the tax lien. So there wouldn't be a double payment problem under our approach. But that's just a policy question. There's nothing in the law that says that that's right or wrong. That's true, with the exception of 522c2b, saying that tax liens must apply to the exempt property the debtor received. Once you reverse that sort of final piece of the bankruptcy court's analysis, I think you'll find that the double payment problem arises. Any other questions? Okay. We'll give you your rebuttal time. Everyone's going over today, I guess.  You're on mute, sir. There you go. The moderator warned us that someone was going to do it, so it might as well be me. Please, the court, my name is Terry Dake. I represent Lawrence Warfield. Mr. Warfield is the Chapter 7 trustee of the Tillman Bankruptcy Estate. You know, the analogy of the bankruptcy code to a puzzle has a certain appeal for me. It has an analogy of dominoes. Because when you touch one, it's going to set off reactions in other places you hadn't thought about. I'm a bankruptcy practitioner, have been for the past 30 years. It doesn't mean I know the code inside and out. It means I learn new things every day. But what it does for me is it makes me think about what's going to happen based on what this court rules. And that's why you see hypotheticals in my brief, because that's where my brain goes when I think about these things. I think about what happens when we talk about this whole double payment scenario. One of the questions that was asked recently was, well, doesn't the government's lien extend to every inch of the property? And the answer is, that's probably true, it does. But the same is true for Bank of America's mortgage. It extends to every inch of the property. And so if you approach this from that then what equity is there ever in this property until those liens are satisfied, since the liens extend to every inch of the property. Yet at the end of the day, what this case all comes back to is what is exempt. And what the Arizona Homestead exemption says is the value in the property. And value is specifically defined as equity. And equity isn't specifically defined, but we all know that equity is the difference between value and liens and encumbrances. And in this case, we have a mortgage and we have a tax lien. Well, hold up, Mr. Jay. I'm not sure I follow you. I'm looking at ARS 33-1103. It just doesn't say equity generally. It talks about what is exempt and what is not exempt. And the first thing is A, number one, a consensual lien, including a mortgage or deed of trust, et cetera, et cetera. So I don't see just a general statement that is equity. And therefore, since there is, for instance, a tax lien, you have to take that into account in calculating equity. It's quite specific. It talks about consensual liens, lien for labor, lien for child support. So I don't see tax lien in here. Your Honor, the reference to equity is in 33-1101B, where it defines value. 33-1101B, isn't it, boy? It says the value is specified in this section refers to the equity of a single person or married couple. But it seems to me that's then defined more specifically by 1103. It is with respect to state law. But what 33-1103 does not take into account are federal tax liens, which we know are not subject to state exemption laws. The Supreme Court has made that very clear that state exemptions have nothing to do with federal tax liens. So regardless of the fact that the federal tax liens are not enumerated in 1103 does not mean that that does not affect the debtor's equity. Again, let's take, for example, let's take this property out of bankruptcy and let's assume that Sandra Tillman went to sell this property. Sandra Tillman was not going to get any money until the mortgage is paid and until the tax lien is paid. She has no equity that she can realize from this property until those two obligations are paid. So she has no equity until she satisfies those. So what she can exempt is the value of her property. And we know from cases like Gebhardt that that non-exempt, that the non-exempt equity belongs to the bankruptcy estate. That's why the bankruptcy estate's entitled to the post petition. You're saying that the lien exists outside the exemption, whereas the tax, whereas the bankruptcy code suggests that the exempt amount that is claimed exempt under 522 is subject to an IRS tax lien. That suggests a lien, I don't know, there are many analogies, but it sort of exists within the exempt property. It's not separate and different from, it attaches to that portion that is deemed exempt property under 522c2b. It attaches the property to property that the debtor claims exempt. Right. But what is not exempt is the encumbered value of the property. The only thing the debtor can exempt is the equity under Arizona law. That's the difference. Arizona law defines equity as minus the mortgage and labor, lien for labor and child support. Well, again, what Arizona specifically exempted were the things that were central to Arizona's concerns. But what Arizona didn't bother to talk about were federal tax liens. The fact that Arizona doesn't include federal tax liens in there doesn't mean that Arizona property is now free and clear of tax liens. So at the end of the day, there is no value for the debtor until the tax lien gets paid. Is there any state court decision that's that decided that question? Yeah, I'm not aware of any, your honor. I can't say that I've ever found anything that spoke to this particular issue. But again, I don't know how you would come to any other conclusion under Arizona law, because at the end of the day, Ms. Tillman can't get anything until she pays those things. So how can she exempt that? How, for example, when you sell a piece of property in Arizona that's subject to your homestead exemption, you can put that money in a bank account and continue to have the exemption in that bank account as long as it's identifiable cash proceeds for 180 days. Well, again, she can't put that money in the bank if she never gets it. I'm not sure I understand the purpose of an exemption law and the opt-in by Arizona is to say, trustee and a secured creditor, stay out. You can't touch this property, right? This is something I get. That doesn't mean that a secured creditor can't reach it. Even though it's within the exempt pot, it could be reached by certain categories of creditors other than the unsecured creditors represented by the trustee. So I don't know why it's, I'm not sure why that's that complicated. It's because the liens are preserved by the bankruptcy code. And this is one of the liens that the trustee can avoid, just like the trustee can avoid other consensual liens that are recorded, for example, in the preference period. Trustee can record consensual liens that are recorded as fraudulent conveyances. The trustee can avoid non-consensual liens that are recorded in the preference period. If it's part of the property of the estate, that's what we're talking about. And that's part of the disconnect here as well. Exempt assets are property of the bankruptcy estate. The question is, do they cease to become property of the bankruptcy estate at some point? And I know there's a lot of authority that says they do, but I don't know where that comes from in the code. The code never says that. Because 522 says, notwithstanding 541. So notwithstanding what you start with, the debtor may exempt from property of the estate, quote unquote. So that seems pretty clear. And what 522 says is the exempt property won't be liable for certain debts, but it doesn't say that it's removed from the estate. It doesn't say, nope, it ceases to be property of the estate. When a bankruptcy case is filed, for example, if there is an exemption that is claimed, but not yet allowed, exemptions aren't allowed until at least 30 days after the meeting of creditors is concluded. So you could claim an exemption, for example, in this piece of property, and creditors have until 30 days after the meeting of creditors to challenge that exemption. So the exemption is never allowed until that point in time. So clearly that house is property of the bankruptcy estate. And there's case law that says all property of the estate has to be asserted or not. Right. But at some point, if it becomes exempt, it becomes different. Just like property is removed, as in the Kim case, it sort of leaves the property of the estate and the trustee sort of loses control over it. Well, in Kim, it left the estate because it was sold. And it's funny, you mentioned the Kim case, that one sentence in Kim that talks about, you know, the trustee doesn't have standing because it's not property of the estate. That's a very short memorandum of opinion that the Ninth Circuit wrote. If you go back to the underlying BAP opinion in Kim and read why it is that the BAP decided the trustee didn't have standing, it really wasn't that it wasn't property of the estate anymore. It's because what the trustee saw in his complaint, if the BAP went back and read what the trustee asked for, it said, even if we give you what it is that you've asked for, it doesn't help the bankruptcy estate. The problem was what the trustee sued for in that case. And the other problem was, is by the time it got to the appeal, it was too late for the trustee to amend. So frankly, that was all on the trustee in that case, because the trustee didn't do what he should have done. A, he should have avoided the transfers in the first place and or sold the property free and clear. But B, when he sued, he didn't ask for the right relief. And as a result, the BAP said, sorry, there's nothing we can do for And when the NYSERDA looked at it, said, yeah, you're absolutely right. There's nothing that we can do based on what the trustees asked for. And given the fact that it's too late for the trustee to go back and amend, to ask for something different. So Kim really doesn't say what it is that the sentence says, what the government wants it to say. What do we do is correct about the opening statement in Damara and the discussion. In general, the bankruptcy code authorized the exempt certain property from the bankruptcy estate so that it may not be reached by the trustee in bankruptcy. C11 USC section 522. That's kind of a basic starting point. Doesn't that show that there, once it's exempt, it's beyond the reach of the trustee? Says that, I don't know. Well, first of all, the citations, right? Because that's what I said a second ago. That's where 522 says certain property is not subject to certain claims if it's allowed as exempt. But what it doesn't say is that the property is removed from the estate, which is where the government is making a lot of its arguments. It's saying, well, this property leaves the estate. And again, I'll be the first to admit that there's a bunch of case law out there, including case law from this court, that says exempt property leaves the estate. I'm not so sure that that's accurate. The words I just read include exempt certain property, quote, from the bankruptcy estate, close quote. I mean, it says that. It's from administration to pay certain obligations. Because that's what 522 says. Counsel, what do you think of the argument that even if the exempt property leaves the estate, the lien stays on the entire property, and so part of the lien is still in the property of the estate? That's exactly correct. And that's part of the trustee's point here, is the trustee steps into the government's shoes. The government's saying is our lien is good and it remains good. And I accept the trustee avoided part of that lien. What we have to remember, too, is 724A doesn't deal with just tax liens. There are other types of non-compensatory punitive awards that the trustee can avoid. Counsel, do you agree, then, that we don't have to decide the question of whether or not exempt property leaves the property of the estate under that theory? Under that theory, yes. So what happens if the lien is removed, but under 511, it's more than a formality. The trustee gets to step into the shoes of the liener, i.e., the IRS, in this case. And that's what happened here. It grabbed that 27,000, or wants to, and put it into the estate. So it's not just whether there's, in a formal way, the title was, you know, the lien was gone. There's a real-world consequence. And the argument is now that the exemption has been diminished because the tax, the debtor feels it in a real way. Instead of getting, you know, 76,000, they'll get 50. Or instead of getting 100, they get 75, or something like this. Something is taken out. And so there's a real-world consequence that money has moved from the property, homestead property, that otherwise would have gone to the debtor, now goes to the estate to the benefit of the unsecured creditors, right? Something actually happens once it's avoided and 551 kicks in. Well, again, I agree with that to a certain extent. The diminishment came when the debtor didn't pay her taxes, not when the trustee avoided the lien, not when the property got sold. The debtor committed this problem herself when she didn't pay her taxes, incurred the penalties, and lien got recorded. This has nothing to do with a bankruptcy case. This all has to do with... Well, all right, except when the trustee stepped in, in the shoes of the IRS, through the avoidance process and through 551, gave that money and moved that pot of money into the estate. And then the government argues, but then the poor Ms. Tillman, as you put it, is still possibly on the hook for having already diminished that $27,000 out of what she got. Still, those $27,000, even if it's an unsecured claim, it's probably a non-dischargeable claim to the IRS. Well, it may or may not be. And if you read the cases that the IRS cited in their reply and they talk about it, and my brief was a little broad when I said the claim, the debt goes away, that doesn't go away. They have a claim against the estate. If you look at the cases that avoid... It's more than that if it's non-dischargeable. It's not just a claim against the estate that will be wound up at the end of the bankruptcy proceeding. It may be something they can continue to go after her on. That's correct. That is a potential. But oddly enough, the IRS has never pursued anything like that in this case. No one's filed an adversary proceeding to argue that the remaining debt is non-dischargeable. We're making... You're going to make you work a little bit overtime too, I'm afraid. Unmoored from the delights of the bankruptcy code and the tax code, at core here we have a dispute between the IRS or the government and the unsecured creditors who stand, and I have no idea who they are, but who stand to have a slightly larger pot for distribution to them. And why is it that the unsecured creditors should prevail over the IRS on that? Because Congress said we should. Well, but Congress made that debt non-dischargeable, and Congress has actually been pretty fierce about tax liens and money owed to the IRS. And so I'm not sure it's true that Congress has said that. I mean, I'm trying to figure out a solution for myself that doesn't get me caught in the web of the tax code and the bankruptcy code, and that's not really possible, but I'm trying to take a big picture here. And given how aggressive Congress has been in protecting the federal fisc with tax liens and even including tax penalties, why is it that the government's willing to give up, in the context of a debtor that's gone into bankruptcy, give up its claim that otherwise would have priority as a secured claim against the claims of unsecured creditors? Well, keep in mind, Your Honor, that 724 has two parts to it. There's 724A that deals with just the penalties, just the non-compensatory penalties. So that's typically a very small portion of the money that we're talking about. You know, I've actually got a couple, three of these cases pending with the IRS, and I think one of them, the tax debt is like $300,000, and the penalties are $40,000 or $50,000. So proportionally, 724A talks about a very small portion of the money at issue. 724B deals with the tax portion, and the trustee does have some rights to avoid the tax lien as well, but the purposes for which you can avoid the tax lien are limited. You can't use that money just for the unsecured credit, there's only certain things you can use that money for. And so Congress, and I don't know why this decision was made, I don't try to get in the head of Congress, it's too difficult, but Congress made that decision, it said you can avoid these penalties. And the bottom line is this, Congress can fix this problem pretty easily if they want to. It's very easy to amend, you know, one or both of the provisions of 724A and B to fix this if it's such an awful problem. And that's kind of what's bewildered me in these cases, is, you know, the government's taking a very stringent position on these cases. And, you know, in one case, when we sold a piece of property, we actually prevented a foreclosure and saved a lot of money that would have just evaporated. And yet the government's fighting us tooth and nail on it. And I just, I can't imagine this is this big of a thing. But if they are, Congress can fix it. So I guess that's my approach to it. Somewhere along the line, somebody made a policy determination that, hey, we can carve off the penalties and let the unsecured creditors have that money. Why? I don't know, maybe it was a trade off in some budget reconciliation or something like that. It's hard to say, I can't begin to explain it. But it's there. And I think it's the trustees obligation to take advantage of those provisions for the unsecured creditors, because that's what the trustee's job is. The trustee's a fiduciary for the benefit of the unsecured creditors. And when there's an opportunity like this to put the trustee's hands on some of that money and make it available for the creditors, that's what he's supposed to do. Okay, thank you. Any other questions from my colleagues? Okay, thank you, counsel. I will give the government two minutes. Thank you. The trustee is trying to put his hands on the debtor's exempt property, and that's not what the code intended. The trustee is creating a windfall at the expense of the debtor's exemption. If you look at Damara, Damara suggested that you could perhaps avoid a lien on the non-exempt property of the estate because that would benefit unsecured creditors. Unsecured creditors would not have the estate consumed by penalties. But avoiding a lien on exempt property would only create a windfall for the debtor. Implicit in that logic was the idea that the trustee could not avoid a lien on exempt property because that would be the trustee reaching the debtor's exemption and reducing the debtor's exemption. I'd like to also note... So what's wrong with it? If the trustee avoids the lien and gives it to the unsecured creditors, it seems like that's what Congress wanted. Not as to exempt property. But how do we know that? Only as to property of the estate. What's the difference? Practical terms, again, perhaps unmoored from the statute, but why would Congress treat exempt property different from non-exempt property with regard to this question? Well, two reasons, Your Honor. First, the exemption amounts are supposed to provide a fresh start. So one reason not to dip your hand in that pot is because that sort of reduces the fresh start. But the second reason is it's not at all clear that just because a tax lien remains on the property that it will be foreclosed. It could be paid. It could be chosen not to be collected. But what's going to happen here is a lot more debtor's houses are going to be sold. Almost every time someone owes tax, some amount of penalty is going to accrue for failure to pay or for failure to file on time. Basically, you're going to have a vestigial tail of a penalty. Most of the time there's a tax debt. Is your argument made more powerful in this sense because you have a potential non-dischargeable debt and that the IRS lien has a special force to it that opens the door to this double penalty that the debtor has paid once by having the exempt amount lowered by $27,000 because of this avoidance and then out of the reduced amount, they may have to pay the IRS again, which makes it, you're trying to avoid the double penalty. And one way to do that, you're saying is to draw the line between exempt and non-exempt. Yes, Your Honor. But let me clarify that tax liens or any liens that survive bankruptcy are enforceable regardless of the dischargeability status of the underlying debt. A discharge only means you can't proceed against the debtor personally. We could no longer obtain a personal judgment. But if you maintain a lien, you can enforce that lien. On what? On the exempt property on which the lien remains. So under 522C and under Damara, any property the debtor receives that was subject to a tax lien pre-bankruptcy must still be subject to a tax lien post-bankruptcy. And it's the lien that creates the double payment. The lien still exists even if we were to find that the trustee had the power to avoid that lien? Yes, Your Honor. Actually, under Damara and Hutchinson, the lien remains regardless of avoidance. There's a difference in wording. What does the lien attach to? What does it reach? The exempt proceeds. So the debtor, well, the 97,000, Your Honor referenced earlier, was significantly diminished by fees and tax liens. By the end of the day, right? Right. But whatever exempt property the debtor receives, the tax lien must remain on that property. That's driven by the difference in the wording between 522C2A and 522C2B. And that's stated explicitly in this Court's opinion in Hutchinson. It was also contained in Damara. Are you speaking... I thought it was lost before. I haven't begun to get lost. Again, this case, are you speaking, what happens if we wind up affirming the district court's decision here? Is there anything left to which the lien can attach? Well, that's part of our argument, Your Honor, is that this court needs to correct... I understand why you're arguing the district court was wrong about this, but I'm trying to figure out what are the implications of this decision. Is there anything else it could attach to if we wind up affirming the district court's decision? I don't think there is. Would the IRS be able to enforce its $27,000 bill, lien or whatever you call it, against the $31,000 this gentleman received? Well, I think the district court's decision is particularly unclear on that point. The bankruptcy court was clear that the answer was no, and the bankruptcy court's answer was wrong. I'm accepting the district court's affirmation as reaching out and answering that question too, so I should have said that in so many words. So I'm really reaching out to the district court's reasoning that it seems to say the tax debt itself goes away. Yeah, I think that's right, Your Honor. If the district court is just straight affirming the bankruptcy court and you're straight affirming it, then I don't think we would have a lien on Ms. Tillman's property, but we should under 522C2B. Wait, what happened to the lien? Now I'm lost. The lower courts inappropriately got rid of it to avoid a double payment problem. Their solution to the double payment problem... I thought at the end of the day, under the bankruptcy court, the lien still exists and then you can collect it if you want it. Unfortunately, the bankruptcy court said no. The bankruptcy court said the only way that the United States would be able to collect was if its claim was non-dischargeable. It held that the lien did not apply to the exempt proceeds at all, and thus there was no danger the debtor would have to pay twice because the debtor's exempt property was free of the lien. But that violates 522C2B in Damara. It can't be free of the lien, and that's what creates the double payment problem. The bankruptcy court appeared to extinguish the debt, not just the lien. It said there's nothing owed anymore, in effect. I don't think that's right, Your Honor, because it said we still had an unsecured claim. It says that on both pages 2 and 18, and then it says we may be able to enforce it if it's non-dischargeable, so there would still be a debt under its analysis. But what it did is it took the lien off the exempt property that 522C2B ensures remains. Well, that seems to reopen the door that I thought we'd close, because if it's non-dischargeable and there are reasons to think that it might be non-dischargeable, that puts us back into the problem that you've posed, and I guess that's the argument you're making, that the debtor's still got this shadow over her future path because this debt may yet be owed and possibly collected by the IRS. And in more cases, homes are going to be sold if trustees are allowed to do this, because they will reach into debtors' exempt property and sell for small amounts of penalties, so more debtors are going to lose their homes. So in this case, the Bankruptcy Court did say whether the IRS can force payment of its unsecured and non-dischargeable claim from exempt proceeds, which is the 31,000 she finally netted, is not an issue ripe for this Court's determination as there are no sales yet available for seizure by the IRS, but it certainly opens a door, whether it's an unsecured, now they deem it an unsecured no lien, but it's still an unsecured debt, right? Yes, Your Honor. And on page eight, the Bankruptcy Court started this analysis by saying we were secured, but at that time we were not a secured claimant to the estate under the proper analysis. So we should have a lien remaining post-bankruptcy to enforce, regardless of whether the underlying debt is non-dischargeable. And that's what creates the double payment problem. Thank you, counsel. I thought this case was bad when you came into it. I think both of you have a very helpful argument. Thank you. Yes, very well argued. Thank you. This case will be submitted. The next up is United States v. CIHA.
judges: CLIFTON, BUMATAY, Chen